IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK SMALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  1:21-cv-5072 |
| | ) | |
| DOTHAN SECURITY, INC. d/b/a DSI | ) | **JURY DEMAND** |
| SECURITY SERVICES, JANE DOE, | ) | |
| DOLLAR TREE STORES, INC. and | ) | |
| DOORKING, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiff Mark Small, by and through his attorneys, RAPOPORT WEISBERG &

SIMS, P.C., states as follows in support of this complaint:

## JURISDICTION AND VENUE

1.    Plaintiff, Mark Small, is a citizen of Indiana.

2.    Defendant Dothan Security, Inc. d/b/a DSI Security Services

(hereinafter "DSI") is incorporated in Alabama, with its principal place of business in

Alabama, making it a citizen of Alabama pursuant to 28 U.S.C. § 1332(c)(1).

3.    Defendant DSI transacts business in Illinois, committed tortuous acts

in Illinois and made or performed contracts in Illinois. Therefore, this court has

personal jurisdiction over this defendant pursuant to the Illinois long arm statute,

735 ILCS § 5/2-209(a), subparagraphs (1), (2) and (7) and 735 ILCS § 5/2-209(c).

4.      Defendant Jane Doe is the security guard who was working at the Dollar Tree Distribution center and operated the at-issue security gate that struck Plaintiff and caused his injuries. Her name and state of residency are currently unknown.

5.      Defendant Jane Doe committed tortious acts in Illinois. Therefore, this court has personal jurisdiction over this defendant pursuant to Illinois long arm statute, 735 ILCS § 5/2-209(a), subparagraph (2) and 735 ILCS § 5/2-209(c).

6.      Defendant Dollar Tree Stores, Inc. (hereinafter "Dollar Tree") is incorporated in Virginia, with its principal place of business in Virginia, making it a citizen of Virginia pursuant to U.S.C. § 1332(c)(1).

7.      Defendant Dollar Tree transacts business in Illinois, committed tortuous acts in Illinois, owns real property in Illinois and made or performed contracts in Illinois. Therefore, this court has personal jurisdiction over this defendant pursuant to the Illinois long arm statute, 735 ILCS § 5/2-209(a), subparagraphs (1), (2), (3) and (7) and 735 ILCS § 5/2-209(c).

8.      Defendant DoorKing, Inc. (hereinafter "DoorKing") is incorporated in California, with its principal place of business in California, making it a citizen of California pursuant to U.S.C. § 1332(c)(1).

9.      Defendant DoorKing transacts business in Illinois and made or performed contracts in Illinois. Therefore, this court has personal jurisdiction over this defendant pursuant to the Illinois long arm statute, 735 ILCS § 5/2-209(a), subparagraphs (1) and (7) and 735 ILCS § 5/2-209(c).

10.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     This Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(3).

12.     This lawsuit arises out of injuries Plaintiff suffered on July 23, 2020, at the Dollar Tree Distribution Center in Joliet, Illinois.

13.      A substantial part of the events or omissions giving rise to the claims set forth in this complaint occurred in this district. Therefore, this district is a proper venue pursuant to 28 U.S.C. §1391(b)(2).

GENERAL ALLEGATIONS

14.     On and before July 23, 2020, Plaintiff Mark Small was a commercial truck driver with USA Truck, assigned to pick up and deliver product to various locations, including the subject Dollar Tree Distribution Center located at 300 Dollar Tree Lane, Joliet, Illinois.

15.     Defendant Dollar Tree owned, operated and maintained the subject Dollar Tree Distribution Center located at 300 Dollar Tree Lane, Joliet, Illinois.

16.     At the subject Dollar Tree Distribution Center, there was the Dollar Tree "truck gate" – the location where commercial truck drivers were required to stop and submit paperwork in order to enter or leave the Dollar Tree Distribution loading area.

17.     The Dollar Tree "truck gate" consisted of both in-bound and out-bound lanes, each controlled by a DoorKing security gate arm.

18.     Dollar Tree entered into a contract with DSI to provide security services at the Dollar Tree Distribution Center, including providing DSI employees to staff the Dollar Tree "truck gate."

19.     At the Dollar Tree "truck gate," DSI employees operated the controls to raise and lower the DoorKing security gate arms.

20.     The Dollar Tree and DSI departure protocol for truck drivers exiting the loading facility required the truck driver to get out of his or her truck and walk or stand in close proximity to the DoorKing security guard gate arm.

21.     On July 23, 2020, Mark Small picked up a load from the Dollar Tree Distribution Center and approached the "truck gate" in order to exit the facility and continue on to his destination.

22.     On July 23, 2020, the DSI employee Jane Doe operated the DoorKing security gate, causing it to move into the raised position so that Mr. Small could pull his truck forward past the DoorKing security gate arm.

23.     On July 23, 2020, after pulling his truck forward past the DoorKing security gate arm, Mr. Small exited his truck, consistent with departure protocol, walked to the rear of his truck and allowed the DSI employee Jane Doe to check his load and place a security seal on his truck.

24.     On July 23, 2020, as Mr. Small was standing near the rear of his truck, the DoorKing security gate, suddenly and without warning, was lowered and struck Mr. Small on his head and neck, causing Mr. Small to suffer a traumatic brain injury which has ended his career as a commercial truck driver.

## COUNT I – DSI
### Negligence

25.     The General Allegations are incorporated by reference.

26.     At all relevant times, DSI had an agent, servant and/or employee who was acting within the scope of her employment when operating the DoorKing security gate arm at the Dollar Tree "truck gate."

27.     It was the duty of DSI to provide training to its agents, servants and/or employees on the safe and proper operation of the DoorKing security gate arm.

28.     It was the duty of DSI through its agent, servant and/or employee to act with reasonable care when performing the task of operating the DoorKing security gate arm.

29.     Notwithstanding these duties, the defendant by and through its agent, servant and/or employee committed the following acts, omissions, and/or violations of the common law duty of care:

   a.     Failed to properly and safely operate the DoorKing security gate arm;

   b.     Failed to properly and safely facilitate the departure protocol for Mark Small;

   c.     Improperly moved the DoorKing security gate arm at a time when it was unsafe to do so;

   d.     Failed to properly secure the DoorKing security gate arm during the departure protocol; and

   e.     Failed to provide proper training to its agent, servant and/or employee on the safe and proper operation of the DoorKing security gate arm.

30.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, Mark Small suffered injuries of a personal and pecuniary nature including but not limited to past and future medical expenses, pain, suffering, mental anguish, emotional distress, disability, disfigurement, loss of normal life, and loss of earnings. Some or all of these losses are permanent.

WHEREFORE, Plaintiff Mark Small respectfully requests judgment be entered in his favor and against Defendant DSI in an amount which will fully and fairly compensate him for all of his legally compensable damages, including costs and prejudgment interest as provided under the applicable law, and for such other relief as the court may deem just and equitable, which substantially exceed minimum jurisdictional amount.

**COUNT II – Jane Doe**
**Negligence**

31.     The General Allegations are incorporated by reference.

32.     It was the duty of Jane Doe to act with reasonable care when performing the task of operating the DoorKing security gate arm.

33.     Notwithstanding these duties, the defendant committed the following acts, omissions, and/or violations of the common law duty of care:

    a.    Failed to properly and safely operate the DoorKing security gate arm;

    b.    Failed to properly and safely facilitate the departure protocol for Mark Small;

    c.    Improperly moved the DoorKing security gate arm at a time when it was unsafe to do so; and

d.      Failed to properly secure the DoorKing security gate arm during the departure protocol.

34.    As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, Mark Small suffered injuries of a personal and pecuniary nature including but not limited to past and future medical expenses, pain, suffering, mental anguish, emotional distress, disability, disfigurement, loss of normal life, and loss of earnings. Some or all of these losses are permanent.

WHEREFORE, Plaintiff Mark Small respectfully requests judgment be entered in his favor and against Defendant Jane Doe in an amount which will fully and fairly compensate him for all of his legally compensable damages, including costs and prejudgment interest as provided under the applicable law, and for such other relief as the court may deem just and equitable, which substantially exceed minimum jurisdictional amount.

## COUNT III – Dollar Tree
### Negligence

35.    The General Allegations are incorporated by reference.

36.    At all relevant times, Dollar Tree was responsible for supervising and managing operations of the subject Dollar Tree Distribution Center, including establishing departure protocols for commercial truck drivers.

37.    At all relevant times, Defendant Jane Done was an agent or apparent agent of Dollar Tree.

38.    It was the duty of Jane Doe to act with reasonable care when performing the task of operating the DoorKing security gate arm.

39.     At all relevant times, Dollar Tree had a duty to exercise ordinary care to see that its property was free from hazardous conditions that presented an unreasonable risk of harm to people on the property.

40.     Notwithstanding these duties, the defendant committed the following acts, omissions, and/or violations of the common law duty of care:

    a.     Implemented a departure protocol that was unreasonably dangerous for Plaintiff;

    b.     Failed to properly and safely operate the DoorKing security gate arm;

    c.     Failed to properly and safely facilitate the departure protocol for Mark Small;

    d.     Improperly moved the DoorKing security gate arm at a time when it was unsafe to do so; and

    e.     Failed to properly secure the DoorKing security gate arm during the departure protocol;

    f.     Failed to institute safeguards to protect Plaintiff from injury from the DoorKing security gate arm while on the premises;

    g.     Failed to properly and safely facilitate the departure protocol for Plaintiff;

    h.     Allowed an unsafe condition to exit on the premises for an unreasonable amount of time; and

    i.     Failed to maintain the DoorKing security gate arm.

41.     As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, Mark Small suffered injuries of a personal and pecuniary nature including but not limited to past and future medical expenses, pain, suffering,

mental anguish, emotional distress, disability, disfigurement, loss of normal life, and loss of earnings. Some or all of these losses are permanent.

WHEREFORE, Plaintiff Mark Small respectfully requests judgment be entered in his favor and against Defendant Dollar Tree in an amount which will fully and fairly compensate him for all of his legally compensable damages, including costs and prejudgment interest as provided under the applicable law, and for such other relief as the court may deem just and equitable, which substantially exceed minimum jurisdictional amount.

COUNT IV – DoorKing<br>Strict Product Liability

42.     The General Allegations are incorporated by reference.

43.     At all relevant times, DoorKing was engaged in the business of designing, manufacturing, advertising, disturbing supplying and/or selling DoorKing brand security gate arms, including the DoorKing 1601-348 wood arm.

44.     The security gate arm that injured Plaintiff at the Dollar Tree Distribution Center was a DoorKing 1601-348 wood arm.

45.     At the time the DoorKing 1601-348 wood arm left the control of DoorKing it was unreasonably dangerous in the following ways:

a.     It was defective as designed;

b.     It was defective as manufactured;

c.     It was defective because it was unfit for its intended purposes;

d.     It was defective due to inadequate warnings; and

9

e.      There were insufficient safeguards to protect against the gate arm injuring the Plaintiff.

46.     As a direct and proximate result of one or more of the unreasonably dangerous conditions, Mark Small suffered injuries of a personal and pecuniary nature including but not limited to past and future medical expenses, pain, suffering, mental anguish, emotional distress, disability, disfigurement, loss of normal life, and loss of earnings. Some or all of these losses are permanent.

WHEREFORE, Plaintiff Mark Small respectfully requests judgment be entered in his favor and against Defendant DoorKing in an amount which will fully and fairly compensate him for all of his legally compensable damages, including costs and prejudgment interest as provided under the applicable law, and for such other relief as the court may deem just and equitable, which substantially exceed minimum jurisdictional amount.

## COUNT V – DoorKing
### Negligence

47.     The General Allegations are incorporated by reference.

48.     At all relevant times, DoorKing was engaged in the business of designing, manufacturing, advertising, disturbing supplying and/or selling DoorKing brand security gate arms, including the DoorKing 1601-348 wood arm.

49.     The security gate arm that injured Plaintiff at the Dollar Tree Distribution Center was a DoorKing 1601-348 wood arm.

50.     On and prior to July 23, 2020, DoorKing owed a duty of care to use reasonable care in the design, manufacture and sale of the subject security gate arm.

51. Notwithstanding this duty of care, DoorKing, individually, as well as through its agents, servants or employees, negligently and carelessly designed, manufactured, and/or sold the security gate arm that was unsafe and unfit for its intended purposes in that:

    a. It was defective as designed;

    b. It was defective as manufactured;

    c. It was defective because it was unfit for its intended purposes;

    d. It was defective due to inadequate warnings; and

    e. There were insufficient safeguards to protect against the gate arm injuring the Plaintiff.

52. As a direct and proximate result of one or more of these negligent acts or omissions, Mark Small suffered injuries of a personal and pecuniary nature including but not limited to past and future medical expenses, pain, suffering, mental anguish, emotional distress, disability, disfigurement, loss of normal life, and loss of earnings. Some or all of these losses are permanent.

WHEREFORE, Plaintiff Mark Small respectfully requests judgment be entered in his favor and against Defendant DoorKing in an amount which will fully and fairly compensate him for all of his legally compensable damages, including costs and prejudgment interest as provided under the applicable law, and for such other relief as the court may deem just and equitable, which substantially exceed minimum jurisdictional amount.

PLAINTIFF DEMANDS TRIAL BY JURY

11

MARK SMALL,


/s/ Melanie J. VanOverloop


**Attorneys for Plaintiff**
Matthew S. Sims
Melanie J. VanOverloop
Zartosht Khodavandi
msims@rapoportlaw.com
mvanoverloop@rapoportlaw.com
zkhodavandi@rapoportlaw.com
RAPOPORT WEISBERG & SIMS, P.C.
20 North Clark Street, Suite 3500
Chicago, Illinois 60602
(312)327-9880
(312)327-9881 (fax